I concur in that portion of the main opinion explaining that the conduct made the basis of the "§ 3-42(6) charge" against Brackin — that she was "negligent" in failing to account for the Phelps ticket — did not occur within 24 months after Brackin was disciplined for a previous major offense and therefore could not provide the basis for the Personnel Board's decision to uphold the termination of Brackin's employment. Because of this conclusion, however, that portion of the main opinion titled "The Charge of Failing to Account for a Traffic Ticket" is dictum. Because I would not reach the issue addressed in that part of the main opinion, I only concur in the result reached by the main opinion.
The Personnel Board's decision in this case does not reveal whether it found Brackin guilty of both the negligence and the insubordination offenses with which she was charged. Accordingly, we do not know which of these two alleged offenses constituted the "subsequent major offense" *Page 692 
upon which Brackin's dismissal was upheld, or whether it was upheld based on both of these alleged offenses. Since, as noted above, the negligence charge is not available as a basis for dismissal, on remand it will fall to the Personnel Board to assess the evidence and determine whether Brackin engaged in communications with Turner that constituted the major offense of insubordination. If it makes an affirmative determination in this regard, the Personnel Board must then make a determination as to whether Brackin's dismissal should be upheld on this basis, or whether some lesser discipline should be imposed.